UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES FLOYD WILSON,

        Plaintiff,

-vs-                              Case No. 8:06-cv-2211-T-17MSS

LORRAINE KELLY,
BOB DILLINGER,

        Defendants.

## ORDER

Pro se prisoner Plaintiff Wilson filed this 42 U.S.C. § 1983 complaint alleging violation of his constitutional rights. Wilson alleges that Attorney Lorraine Kelly, who was employed by "Bob Dillinger's Office of Public Defenders" in Pinellas County when she was appointed to represent Wilson in his criminal case, violated his rights by failing to file a motion for a speedy trial; by being appointed to represent him in July 2006 and then elected to be a judge in Pinellas County in September 2006; and by failing to provide effective assistance of counsel. Plaintiff wants to be appointed private counsel to represent him; to have all of his charges dropped immediately; to be released from custody; and to be awarded money damages for the time he has been incarcerated.

### DISCUSSION

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Tillman v. Coley, 886 F.2d 317, 319 (11th Cir.), reh'g denied en banc, 893 F.2d 346 (11th Cir. 1989); Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989); Cornelius v. Town of Highland Lake, Alabama, 880 F.2d 348, 352 (11th Cir.), reh'g denied en banc, 887 F.2d 1093 (11th Cir. 1989), cert. denied, Spears v. Cornelius, 494 U.S. 1066 (1990) overruled on other grounds by White v. Lemacks, 183 F.3d 1253, 1259 (1999) citing Collins v. City of Harker Heights, 503 U.S. 115 (1992).

Plaintiff fails to meet the elements described above because a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312 (1981).

Accordingly, the Court orders:

1. That Plaintiff Wilson's complaint is dismissed, with prejudice. The Clerk is directed to enter judgment against Wilson and to close this case.

2. That Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied. Plaintiff Wilson is assessed the $350.00 filing fee. The Clerk is directed to send a copy of this order to the Pinellas County Jail.

ORDERED at Tampa, Florida, on DECEMBER 6th, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

James Floyd Wilson